ABRAHAM SAMAHA, PLAINTIFF-RESPONDENT, v. THE FARMERS FIRE INSURANCE COMPANY OF YORK, PA., DEFENDANT-APPELLANT.

Argued March 13, 1913—Decided June 18, 1913.

1. Where the defence relies upon misrepresentation to avoid an insurance policy upon the ground that the insured misrepresented the ownership of the goods at the time the policy was issued, the burden of proof is upon the defendant to establish such misrepresentation, even though such proof involves a dispute as to the insurable interest in the goods.

2. It is purely a discretionary matter whether or not to permit a question put to a witness upon his cross-examination and fully answered by the witness to be again put to him in the course of such cross-examination.

On appeal from the Supreme Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Charles S. Moore.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought separate actions against five fire insurance companies upon policies of insurance issued to him by them, to recover losses sustained by him to his property by fire, and covered by said policies. The five actions, by consent, were tried together and resulted in a verdict in favor of the plaintiff for a total sum which, by agreement between counsel, was apportioned among the five companies in proportion to their respective amounts of insurance and upon which judgments were entered accordingly. Each of the companies, with the exception of the German Union Fire Insurance Company, has appealed to this court. The cases were argued together, the mooted questions therein being the same. To the plaintiff's actions the defendants, besides pleading the general issue, pleaded specially as follows:

*First.* That the goods were not destroyed in the fire; *second,* misrepresentation as to the ownership at the time of the issuance of the policies; *third,* that the goods at the time of the issuance of the policies were not the goods of the plaintiff; and *fourth,* that the goods at the time of the fire were not the goods of the plaintiff. The three clauses of the policy of insurance which are germane to the special pleas are as follows:

*"First.* The entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property is not truly stated herein.

*"Second.* The entire policy shall be void if the interest of the insured be other than unconditional and sole ownership.

*"Third.* The entire policy shall be void if any change other than by the death of an insured takes place in the interest, title or possession of the subject of insurance."

The defence undertook to establish by the testimony that the plaintiff was not the owner of the goods, *i. e.,* had no insurable interest therein at the time the contract of insurance was entered into, claiming that the plaintiff was guilty of a material misrepresentation, at the time the insurance was effected, by representing that he was the owner of the goods, *i. e.,* that he had an insurable interest therein, and therefore under the clauses of the policy above recited the contract of insurance was voided.

The other defence set up was that the plaintiff was not the owner of the goods insured at the time of the fire. It at once becomes observable that there were two distinct issues raised by the defence, one of which went to the vitality of the contract of insurance from its very inception, and the other to the ownership of the goods claimed to have been damaged or destroyed by fire.

If the plaintiff was guilty of a misrepresentation as to the ownership of the goods, *i. e.,* his insurable interest therein at the time the contracts of insurance were made, then it became wholly inconsequential, upon this branch of the case,

whether or not he was the owner of or had an insurable interest in the goods at the time they were damaged or destroyed by fire, for the misrepresentation would have voided the contracts. The plaintiff testified that he was the owner of the goods at the time the insurance was effected and at the time they were damaged and destroyed by fire, and the policies of insurance were offered in evidence by consent of counsel. The case was in the posture, as outlined, when it was submitted to the jury. The trial judge in charging the jury, said: "So the first question you will take up will be whether that claim made by the companies has been established. You will have in mind that when the companies say that the plaintiff made this misrepresentation they are bound to make proof of it. The law lays upon the companies the burden of establishing that claim to your satisfaction by the weight of the evidence, and unless the companies have so established that claim then they fail."

This the appellants claim was an erroneous statement of the law, in that it put the burden of proving ownership of the property insured upon the defendants, whereas such burden rested upon the plaintiff.

This criticism is not founded in fact. The trial judge expressly and unequivocally refers to the claim set up by the companies that the plaintiff was guilty of misrepresentation at the time of the making of the contracts. We think the trial judge instructed the jury properly in that regard. The burden of proof was upon the defendants to establish the misrepresentation, even though it incidentally involved a disputed question of insurable interest of the plaintiff in the property at the time the contracts were entered into. The defendants had practically charged the plaintiff with fraud in obtaining the policies of insurance and sought to avoid their contract force upon that ground. Misrepresentation was set up in the defendants' special pleas as a defence to the plaintiff's right to a recovery, and an effort was made at the trial to establish it. It is a firmly established legal rule that where fraud is set up as a defence the burden of proof rests upon the party alleging it. If the court had relieved the

plaintiff of the burden of proving ownership, *i. e.,* an insurable interest, it would have been error. The charge does not do this. The judge did not charge at all upon this point and there was no request that he should. As has already been pointed out, the charge refers to the clauses of the policies as to the effect of a misrepresentation of ownership as voiding the policy by force of contract. The defendant having alleged this fact in order to achieve the contract effect, the court properly said that they must establish the fact on which they based their contract rights.

It is also further urged as a reason for a reversal of the judgments that the court in charging the jury concerning the bills of sale which had been offered in evidence by the defence, omitted to state their legal effect as to the proof of the ownership of the goods insured at the time of the taking out of the policies of insurance by the insured in 1907. The bills of sale which were offered in evidence by the defendants were under date of October, 1904, and went to the jury for their consideration. There was evidence which would have justified a jury in finding that there was no item in the bills of sale that was in anywise connected with the property insured by the plaintiff. It was pre-eminently a question of fact for the jury to determine, when deciding the question of the plaintiff's ownership, whether or not any of the items which were embraced in the bills of sale made four years prior to the time of the issuance of the insurance policies, were included in the goods insured by the plaintiff as his. The judge was not asked to give any specific instructions regarding the bills of sale, and he pursued the proper course in leaving it to the jury to determine whether any of the goods mentioned in the bills of sale were embraced in the contracts of insurance in controversy.

The appellants also assign as error the refusal of the judge to allow one Henry L. Butler to be asked upon cross-examination: "In making up your proof of loss, did Mr. Samaha give you any list of goods that he had sold which were included in that bill or those bills?" It appears that the witness, in an early stage of his cross-examination, had fully

testified on this subject and that the question asked was a repetition of a question previously put to him on cross-examination, and answered.

No good reason appearing why the question should be repeated, it became a matter resting within the sound discretion of the court whether to permit it or not, and we think the discretion was properly exercised.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 15.

*For reversal*—None.